**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 19-CV-81426-RS**

ORTHOPAEDIC CARE SPECIALISTS, P.L.

Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,

Defendant.
_____________________________________/

**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S MOTION TO DISMISS THE COMPLAINT**

Defendant, United Healthcare Services, Inc. ("UHS"), by and through undersigned counsel, hereby moves to dismiss the Complaint [ECF No. 1] filed by Plaintiff, Orthopaedic Care Specialists, P.L. ("Plaintiff") because: (1) Plaintiff's state law causes of action are preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") and (2) Plaintiff failed to allege the exhaustion of administrative remedies for medical benefit claims at issue governed by ERISA.

## I. INTRODUCTION

This case involves a dispute between an alleged emergency medical service provider and a claims administrator for a self-funded ERISA plan regarding the reimbursement of health benefit claims. The self-funded ERISA plan from which benefits are sought is exclusively governed by federal law. This case does not involve a dispute over the rate of payment between a health maintenance organization ("HMO") or

a fully insured health plan and an emergency medical service provider. Plaintiff is an admittedly out-of-network provider who allegedly provided emergency medical services to an individual ("Member") covered under a self-funded ERISA plan administered by UHS. Plaintiff claims that UHS improperly denied or underpaid the benefit claims Plaintiff submitted to UHS as the claims administrator. Plaintiff brought the instant action pursuant to a Florida statute intended to provide emergency medical providers with a private cause of against HMOs to recover payment for emergency medical services provided to patients covered by HMOs.

However, Plaintiff's state law causes of action arising out of this dispute over benefit claims involving emergency medical services is misplaced. The benefit claims at issue relate to a self-funded ERISA plan, not to benefits payable by an HMO or a fully insured health plan, and are governed by ERISA, not state law. Here, the employee benefit plan at issue in this case is a self-funded ERISA plan. As a result, Plaintiff's state statutory causes of action related to the self-funded ERISA Plan are preempted under *FMC Corp. v. Holiday*, 488 U.S. 52, 61 (1990) ("State laws that directly regulate insurance are 'saved' but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws. On the other hand, employee benefit plans that are insured are subject to indirect state insurance regulation."); *America's Health Insurance Plans v. Hudgens*, 742 F.3d 1319 (11th Cir. 2014); *see also Zipperer v. Premera Blue Cross Blue Shield of Alaska*, 15-CV-00208-JWS, 2016 WL 4411490, at *6 (D. Alaska, Sept. 16, 2016) (adopting the reasoning of *Hudgens* and

concluding that Alaska's Prompt Pay Statute is preempted "as applied to self-funded ERISA plans because the provision interfered with uniform administration of benefits."); *NGS American, Inc. v. Barnes*, 805 F. Supp. 462, 475 (W.D. Tx. 1992), *aff'd*, 998 F.2d 296 (5th Cir. 1993) (holding that "[s]elf-funded ERISA plans may not be regulated by the States either directly or indirectly.").

Further, self-funded employee benefit plans such as the Plan are governed exclusively by federal law—i.e., ERISA—and not subject to state insurance laws such as Florida Statute Sections 641.513(5) and 627.64194(4) or Florida law. Florida Statute Sections 641.513(5) and 627.64194(4) do not apply to self-funded employee benefit plans that are regulated pursuant to ERISA because such plans are not subject to regulation by state law. Specifically, Florida Statute Section 627.651(4) exempts such self-funded employee benefit plans from the Florida Insurance Code. *See* FLA. STAT. § 627.651(4) ("This section does not apply to any plan which is established or maintained by an individual employer in accordance with the Employee Retirement Income Security Act of 1974"). Therefore, Plaintiff's state law causes of action must be dismissed.

## II. STANDARD ON MOTION TO DISMISS

While the court must consider allegations in the complaint as true when ruling on a motion to dismiss, that general rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id.* (citing *Twombly*, 550 U.S. at 555). A complaint will not survive a motion to dismiss where it includes "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly*, 550 U.S. at 557).

## III. LEGAL ARGUMENTS

### A. PLAINTIFF'S CLAIM ALLEGING A VIOLATION OF FLORIDA STATUTES SECTIONS 641.513(5) AND 627.64194(4) AGAINST UHS AS A CLAIMS ADMINISTRATOR FOR BENEFIT CLAIMS BASED ON EMERGENCY MEDICAL SERVICES IS PREEMPTED BY ERISA.

As demonstrated in UHS's Notice of Removal, the self-funded Ryder System, Inc. Health Plan is administered by UHS (the "Plan"). The Plan is an ERISA employee welfare benefit plan that satisfies the five *Donovan* elements. [ECF No. 1, Not. of Removal ¶¶ 20-31]; *see also Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982). Plaintiff attempts to circumvent the statutory framework of ERISA and the Plan by seeking reimbursement for benefit claims under Florida Statutes Sections 641.513(5) and 627.64194(4). Section 641.513(5) creates a private right of action for emergency medical providers ***against HMOs*** to recover payment for providing emergency medical services to patients of an HMO. Contrary to Plaintiff's allegations, UHS is not a registered HMO with respect to the self-funded ERISA Plan at issue. [ECF No. 1, **Exhibit 3** at 321, Decl. of Stalinski at ¶ 6, attached **Exhibit 2**, Administrative Services Agreement ("ASA"), at the first page.] Section 627.64194(4) is part of the preferred provider organization ("PPO") balance-billing statute and provides that an insurer must reimburse a non-participating provider for certain medical services as set forth in Section 641.513(5). UHS is not acting as a PPO with respect to the self-insured ERISA Plan; it is serving as the claims administrator, processing and administering the health benefits in

accordance with the self-funded ERISA Plan. Neither of these Statutes are applicable here.

UHS is the claims administrator of the self-funded ERISA Plan at issue. UHS is not serving as an HMO. [ECF No. 1, Notice of Removal, **Exhibit 3**, Decl. of Stalinski at ¶ 6, attached **Exhibit 2**, ASA, at first page: "This Agreement covers the services We [UHS] are providing to You [Employer/Customer] for use with Your [Employer/Customer] self-funded employee benefit plan."] UHS did not issue an insurance policy to fund the Plan; rather according to the express terms of the Plan, the health benefits at issue are self-funded by the employer and Plan Sponsor. Because Sections 641.513(5) and 627.64194(4) do not apply to benefit claims determination under self-funded ERISA plans, such as the Plan at issue, Plaintiff's cause of action must be dismissed.

i. PLAINTIFF IMPROPERLY ATTEMPTS TO CIRCUMVENT THE EXCLUSIVE ERISA STATUTORY FRAMEWORK TO AVOID PREEMPTION.

ERISA was enacted "to create a consistent and coherent nationwide framework for regulating employee benefit plans." *In re Managed Care Litig.*, 595 F. Supp. 2d 1349, 1354 (S.D. Fla. 2009). ERISA only applies to private employers who offer employer-sponsored health insurance coverage. Federal law provides the exclusive remedy for ERISA plans. Further, federal case law is clear: the fact that a plaintiff does not explicitly state a direct claim for the recovery of benefits under ERISA's civil enforcement provision or even disavows having an ERISA claim is irrelevant to the preemption analysis. *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 110 F. Supp. 3d 1259, at 1337 n. 2 (11th Cir. 2015) ("We are not bound by the labels

used in the complaint or disclaimer that ERISA does not govern its claims."); *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1303 (11th Cir. 2010) (rejecting a medical provider's express disclaimer of causes of action under ERISA as a means of trying to escape ERISA's preemptive effect). Therefore, Plaintiff cannot escape ERISA preemption by pleading a cause of action under an inapplicable state statute relating to reimbursement for emergency medical services provided by non-participating emergency medical providers to patients covered under HMOs.

ii. ERISA PREEMPTS PLAINTIFF'S STATE LAW CLAIM UNDER FLORIDA STATUTES SECTIONS 641.513(5) AND 627.64194(4).

There are two types of preemption under ERISA: (1) complete preemption under ERISA § 502(a), which is a jurisdictional concept that allows a litigant to bring its claims in federal court; and (2) defensive preemption under ERISA § 514(a), which provides for the dismissal of any claims that "relate to" the ERISA plan. *In re Managed Care Litig.*, 595 F. Supp. 2d at 1355. The Eleventh Circuit has explained that "claims that are completely preempted are also defensively preempted." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1281 (11th Cir. 2005). *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 110 F. Supp. 3d 1259, 1266 (S.D. Fla. 2015)

iii. PLAINTIFF'S CLAIM IS COMPLETELY PREEMPTED.

Plaintiff's claim is subject to dismissal because it is completely preempted with respect to the alleged emergency medical services provided to the Member. Complete preemption is a jurisdictional concept that "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and removal jurisdiction. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987);

*see also Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (explaining that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). In *Davila*, the Court further explained the preemption doctrine:

> It follows that if an individual brings suit complaining of a denial of coverage for medical care, where the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated, then the suit falls "within the scope of" ERISA § 502(a)(1)(B). In other words, if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B).

542 U.S. at 210 (citations omitted). Courts conduct a two-part inquiry to determine whether ERISA "completely" preempts a plaintiff's state law claims: (1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim. *See Davila*, 542 U.S. at 210.

The first prong is satisfied because the relief Plaintiff seeks (payment of benefit claims allegedly either denied or underpaid) is the type of benefit claims that could be asserted under ERISA § 502(a). Plaintiff seeks payment of out-of-network benefits that UHS allegedly denied or underpaid pursuant to a self-funded ERISA Plan. Without the applicable governing self-funded ERISA Plan, there is no duty to pay or authorize payment to Plaintiff.

Further, Plaintiff submitted health insurance claim forms stating that Plaintiff was submitting each of its claims to UHS pursuant to an assignment. [*See* ECF No. 1, Compl.

at ¶ 23; **Exhibit 3**, Health Insurance Claim Form, attached to Decl. of Stalinski, **Exhibit 3**, at 360-69.] The Eleventh Circuit has recognized that "[c]laims for benefits by healthcare providers pursuant to an assignment are thus within the scope of § 502(a)." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1347 (11th Cir. 2009). Plaintiff's claim is within the type of claims permitted under ERISA § 502(a) and, based on Plaintiff's representations in the claim forms that it obtained assignments of benefits, Plaintiff has jurisdictional standing to bring a § 502(a) claim.

The second element for complete preemption under Section 502(a) is also satisfied. The second *Davila* prong examines whether Plaintiff's claim is based on a legal duty independent of those in an ERISA plan or under ERISA. Plaintiff is an out-of-network provider who admittedly has no separate provider contract with UHS that would give rise to any independent duty on which Plaintiff could sue. [ECF No. 1, Compl. ¶¶ 13-14.] Plaintiff's state law claims depend entirely on the interpretation of the out-of-network benefits in the self-funded ERISA Plan. Additionally, UHS's legal duty as the claims administrator depends completely on interpretation of the self-funded ERISA Plan. In fact, since UHS is merely the administrator of the Plan and has no obligation to pay any benefit claims, it has no legal duty to pay the benefit claims at issue.

Plaintiff cannot separate UHS's purported statutory obligations from the self-funded ERISA Plan in an attempt to circumvent ERISA's statutory framework and preemption. *See, e.g.*, *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (holding that "[w]here Congress preempts an area of law so completely that any complaint raising claims in that area is necessarily federal in character, super preemption

applies, and federal jurisdiction exists, even if the face of the complaint does not plead federal claims . . . Super preemption converts state law claims into federal claims . . . allowing a defendant to remove."); *Belasco v. W.K.B. Wilson & Sons, Inc.*, 833 F.2d 277, 282 (11th Cir. 1987) (holding that "ERISA pre-emption converts the related claim into a federal question" making the case removable). Similarly, this Court would need to review the self-funded ERISA Plan in determining whether the alleged emergency medical services were covered by the Plan.

Because both prongs of the *Davila* test are satisfied, Plaintiff's claim is "completely" preempted by ERISA such that this Court has federal question jurisdiction over the action. Therefore, Plaintiff's claim with respect to those medical services must be dismissed with prejudice.

iv. PLAINTIFF'S CLAIM IS DEFENSIVELY PREEMPTED.

Plaintiff's state law causes of action to recover for emergency medical services rendered to the Member covered by the self-funded ERISA Plan must be dismissed with prejudice based on ERISA defensive preemption. Unlike "complete" preemption, "defensive" preemption is a substantive bar to any state law claim where the state law claim broadly "relates to" an ERISA plan. ERISA § 514(a) states that "this subchapter . . . *shall* supersede *any and all State laws* insofar as they may now or hereafter *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added); *see also Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1212 (11th Cir. 1999) (explaining that defensive preemption "defeats claims that seek relief under state-law causes of action that 'relate to' an ERISA plan") (internal quotations omitted) (citing ERISA § 514(a), 29 U.S.C. §

1144(a)). The Supreme Court broadly interprets the "relate to" language of section §514(a) to encompass any state law claim that has a "connection with or reference to" an employee benefit plan. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983). Where a claim is "defensively" preempted, the claim *must* be dismissed. *See Butero*, 174 F.3d at 1212 (holding that "defensive preemption . . . require[s] dismissal of state-law claims."); *Miami Children's Hosp., Inc. v. Kaiser Found. Health Plan, Inc.*, No. 08-23218-CIV, 2009 WL 1532125, at *5 (S.D. Fla. May 29, 2009) (dismissing a breach of contract claim based on a "Letter of Agreement" wherein the insurer agreed to pay the provider benefits because the claim required the court to interpret the underlying ERISA policy.").

Plaintiff contends that UHS was acting as either an HMO or a PPO under Florida Statutes "[s]ections 641.513(5) and 627.64194(4) [which] impose a duty on managed care organizations such as United [UHS] to reimburse non-participating providers such as the Plaintiff according to the respective statute's dictates. Where a managed care organization, such as United[,] does not comply with its statutory duty to a provider, both statutes afford that provider a private right of action against the managed care organization to enforce its rights pursuant to theses statutes." [ECF No. 1, Compl. ¶ 18.] However, with regard to the benefit claims at issue, which are governed by the Plan, UHS is not acting as an HMO or a PPO; rather it is the claims administrator, processing and administering the health benefits in accordance with the self-funded ERISA Plan. [ECF No. 1, **Exhibit 3**, Decl. of Stalinski at ¶ 6, attached **Exhibit 2**, ASA, at the first page.] Here, the employer is the Plan Sponsor and funds the Plan itself. The Plan Sponsor also designs the terms of the Plan—not UHS. Therefore, Plaintiff's cause of action under

Florida Statutes Sections 641.513 and 627.64194(4) fails and the relief Plaintiff seeks – i.e., payment of the benefit claims at issue, consequently, is "defensively" preempted under the broad "relate to" test of Section 514(a). *See America's Health Insurance Plans v. Hudgens*, 742 F.3d 1319, 1330-32 (11th Cir. 2014) (finding that the challenged provisions of Georgia's Prompt Pay laws "impermissibly 'related to' ERISA plans."); *see generally Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (holding that the plaintiff's state law claims were "each based on alleged improper processing of a claim," indisputably "'relate to' an employee benefit plan," and "undoubtedly meet the criteria for pre-emption under § 514(a)"); *In re Managed Care Litig.*, 595 F. Supp. 2d at 1356 (dismissing the plaintiff's claims as defensively preempted because "Plaintiffs can only prevail if Defendants' [payment] calculation . . . was not 'customary and reasonable' as defined under the contract.").

Plaintiff does not expressly allege in the Complaint that Florida Statutes Sections 641.513(5) and 627.64194(4) apply to UHS in this context even though it is not an HMO or a PPO and is instead a third party claims administrator. But even if Plaintiff had made these allegations, neither Section 641.513(5) nor Section 627.64194(4) would allow for Plaintiff to bring its cause of action. The Eleventh Circuit in *America's Health Insurance Plans v. Hudgens* expressly held that state insurance laws do not apply to self-funded plans and, to that extent, are preempted by ERISA. In *Hudgens*, the Eleventh Circuit addressed whether certain provisions of Georgia's "Prompt Pay" laws as applied to self-funded ERISA plans were preempted under Section 514 of ERISA. The state of Georgia enacted the Insurance Delivery Enhancement Act of 2011 ("IDEA"), which amended

certain portions of Georgia's Insurance Code, including Georgia's Prompt Pay laws, to, among other things encompass regulation of self-funded plans. 742 F.3d at 1324. Before IDEA, the Prompt Pay law applied to insured plans (where employers contract with insurance companies to provide health insurance), but not to self-funded ERISA plans (where the employer bears the ultimate risk). *Id*. After IDEA, "[s]everal sections of IDEA, if placed into effect, would extend the prompt-pay restrictions to self-funded health plans and their TPAs – something the original statute expressly excluded from its breadth." *Id.* The district court concluded that under ERISA's express preemption provision under Section 514, the IDEA, to the extent that it applied to ERISA self-funded plans, was preempted. 742 F.3d at 1325-26.

The Eleventh Circuit affirmed the lower court's decision and held that the challenged provisions "impermissibly 'relate to' ERISA plans" because IDEA's requirements "would require self-funded ERISA plans to process and pay provider claims, or notify claimants of claim denials, within fifteen or thirty days, depending on whether the claim is submitted electronically or conventionally." 742 F.3d at 1313. The court concluded that such "requirements fly in the face of one of ERISA's main goals: to allow employers 'to establish a uniform administrative scheme, which provides a set of standard procedures to guide processing of claims and disbursement of benefits.'" *Id*.

To the extent that Plaintiff contends that Florida Statutes Sections 641.513 and 627.64194(4) apply to UHS as the third party claim administrator of the Plan, Plaintiff's contention fails because such an interpretation is an impermissible intrusion on federal law. Similar to *Hudgens*, the application of Section 641.513(5) or Section 627.64194(4)

here would impose requirements as to how self-funded ERISA plans are administered and the amount to be paid by an employer for emergency medical services provided by non-participating emergency medical providers, which would run contrary to the underlying purpose and legislative intent of ERISA. Further, this interpretation would impede an employer's ability to establish a uniform administrative scheme for its self-funded ERISA plan. 742 F.3d at 1325 (concluding that "if these provisions were to go into effect, employers offering self-funded benefit plans would be faced with different timeliness obligations in different states, thereby frustrating Congress's intent."). Therefore, ERISA preempts Plaintiff's causes of actions under Florida Statutes Sections 641.513(5) and 627.64194(4) for the same reasons that the *Hudgens* court held that ERISA preempts the Georgia Prompt Pay laws to the extent that the laws are attempted to apply to self-funded ERISA plans.

**B. PLAINTIFF FAILED TO ALLEGE EXHAUSTION OF BENEFITS CLAIMS PROCEDURES.**

Plaintiff's Complaint is also deficient because Plaintiff failed to plead exhaustion of administrative remedies, which is a prerequisite to seeking relief under an ERISA plan. It is well-established in the Eleventh Circuit that ERISA plaintiffs must allege exhaustion of their administrative remedies under the ERISA-governed plan before they may bring suit. *See Springer v. Wal-Mart Ass'ns Grp. Health Plan,* 908 F.2d 897, 899 (11th Cir. 1990) ("the district court plainly abused its discretion in not dismissing" the plaintiff's suit due to a failure to exhaust the ERISA plan's internal appeals process because "[t]he very premise of the exhaustion requirement . . . is that the right to seek federal court review matures only after that requirement has been appropriately satisfied"); *see also*

*Counts v. Am. Gen. Life & Accident Ins. Co.,* 111 F.3d 105, 108 (11th Cir. 1997) ("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court").

In *Springer*, the Eleventh Circuit held that "the district court plainly abused its discretion in not dismissing" the plaintiff's suit due to a failure to exhaust the ERISA plan's internal appeals process. *Springer,* 908 F.2d at 899. The court reasoned that "[t]he very premise of the exhaustion requirement . . . is that the right to seek federal court review matures only after that requirement has been appropriately satisfied or otherwise excused." *Id*. at 900. Courts strictly enforce the exhaustion of administrative remedies requirement on plaintiffs bringing ERISA claims and its compliance is rarely excused. *See Perrino v. S. Bell Tel. & Tel. Co.,* 209 F.3d 1309, 1315 (11th Cir. 2000) (holding that "we strictly enforce an exhaustion requirement on plaintiffs bringing ERISA claims.").

Plaintiff did not plead that ***any*** of the administrative remedies were exhausted. Accordingly, this Court should dismiss Plaintiff's claims for failure to properly allege exhaustion of the administrative remedies. Plaintiff did not specifically plead that its denials were appealed and the result of that appeal. Without these allegations, Plaintiff fails to sufficiently allege that the administrative remedies required under the self-funded Plan were exhausted, which is a prerequisite to pursuing legal remedies under ERISA and the Plan.

For example, the self-funded ERISA Plan provides for two levels of appeal. Specifically, the Plan provides in pertinent part:

**<u>Claims and Appeals for Benefits – UnitedHealthcare Medical Plans</u>**

***

**Claim Denials and Appeals**

**If Your Claim Is Denied**
If a claim for Benefits is denied in part or in whole, you may call UnitedHealthcare at the number on your ID card before requesting a formal appeal. If UnitedHealthcare cannot resolve the issue to your satisfaction over the phone, you have the right to file a formal appeal as described below.

**How to Appeal a Denied Claim**
If you wish to appeal a denied pre-service request for Benefits, post-service claim or a rescission of coverage as described below, you or your authorized representative must submit your appeal in writing within 180 days of receiving the adverse benefit determination. You do not need to submit Urgent Care appeals in writing.

***

**Review of an Appeal**
UnitedHealthcare will conduct a full and fair review of your appeal. The appeal may be reviewed by:

- an appropriate individual(s) who did not make the initial benefit determination; and
- a health care professional with appropriate expertise who was not consulted during the initial benefit determination process.

Once the review is complete, if UnitedHealthcare upholds the denial, you will receive a written explanation of the reasons and facts relating to the denial.

**Filing a Second Appeal**
Your Plan offers two levels of appeal. If you are not satisfied with the first level appeal decision, you have the right to request a second level appeal from UnitedHealthcare within 60 days from receipt of the first level appeal determination.

[ECF No. 1, Notice of Removal, at 76-83, **Exhibit 3** (Summary Plan Description), Decl. Stalinski, attached to Decl. of Stalinski as **Exhibit 1**.] Plaintiff does not allege whether it complied with the different levels of appeals under the Plan. Plaintiff's failure to plead exhaustion of administrative remedies is highlighted by the appeal requirements in Plan. *See, e.g., RMP Enterprises, LLC v. Connecticut Gen. Life Ins. Co.*, No 18-CV-80171, 2018 WL 6110998, at * 1 (S.D. Fla. Nov. 21, 2018) (dismissing the ERISA claims for failure to exhaust administrative remedies because plaintiff in its "FAC [First Amended Complaint] includes no additional allegations that clarify the claims at issue or how those specific claims were allegedly appealed. Plaintiffs' continued reliance on generalized references to 'appeals,' without identifying specific claims, is inadequate.").

Courts in this Circuit routinely dismiss claims for failure to sufficiently allege exhaustion of administrative remedies. *See, e.g., Columna, Inc. v. UnitedHeatlhcare Insurance Company*, 18-81737-CIV-WPD, 2019 WL 2076796, at *3 (S.D. Fla. Apr. 29, 2019) (dismissing ERISA claims for failure to sufficiently allege exhaustion of the required administrative remedies); *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc.*, 110 F. Supp. 3d 1259, 1266 (S.D. Fla. 2015) (dismissing state law claims for breach of contract, breach of an oral agreement, quantum meruit, account stated, and open account where the plaintiff failed to allege exhaustion of remedies in its complaint); *Apex Toxicology, LLC v. United Healthcare Ins. Co.*, No. 17-61840-CIV, 2018 WL 3199250, at *4 (S.D. Fla. June 29, 2018) (affirming a report and recommendation to dismiss the plaintiff's ERISA claims for failure to exhaust administrative remedies); *Jacobs*, 2015 WL 12699875, at *4 (dismissing the plaintiff's

state court claim for failure to allege an exhaustion of remedies under ERISA); *La Ley Recovery Sys.-OB, Inc. v. United Healthcare Ins. Co.*, No. 14-CV-23802-UU, 2014 WL 7525703, at *1 (S.D. Fla. Dec. 12, 2014) (dismissing claims for breach of contract, breach of an oral agreement, breach of implied contract, quantum meruit, open account, and account stated for failure to allege exhaustion of administrative remedies); *Miami Children's Hosp., Inc.*, 2009 WL 1532125, at *4 (dismissing an ERISA claim due to failure to exhaust administrative remedies).

Accordingly, this Court should dismiss Plaintiff's claim for failure to properly allege exhaustion of the administrative remedies available under the self-funded Plan.

## V. CONCLUSION

For the reasons stated above, Plaintiff's claims must be dismissed.

October 28, 2019.

Respectfully submitted,

**AKERMAN LLP**

Three Brickell City Centre
98 Southeast Seventh Street, Ste. 1100
Miami, Florida 33131
Telephone: (305) 374-5600

By: /s/ Gera R. Peoples
**Gera R. Peoples, Esq.**
Florida Bar No. 450022
gera.peoples@akerman.com

and

**Irene Bassel Frick, Esq.**
irene.bassel@akerman.com
nicole.emmett@akerman.com
**AKERMAN LLP**
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333

*Counsel for Defendant*
*United Healthcare Services, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

TONY BENNETT, ESQUIRE
Florida Bar No.: 40357
HICKS & MOTTO, P.A.
Attorneys for the Plaintiff
3399 PGA Blvd, Suite 300
Palm Beach Gardens, FL 33410
Telephone: (561) 683-2300
Facsimile: (561) 687-1995
tbennett@Hmelawfirm.com

*/s/ Gera R. Peoples*
Gera R. Peoples, Esq.