UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 19-CV-81426-RS

ORTHOPAEDIC CARE SPECIALISTS, P.L.,

    Plaintiff,

v.

UNITED HEALTHCARE SERVICES, INC.,

    Defendant.
_____/

**NOTICE OF PLAINTIFF'S FAILURE TO FILE RESPONSE TO
DEFENDANT'S MOTION TO DISMISS COMPLAINT**

Defendant, United HealthCare Services, Inc. ("UHS"), by and through its undersigned counsel, hereby notifies the Court that the time for Plaintiff, Orthopaedic Care Specialists, P.L. ("Plaintiff") to file its opposing memorandum of law ("Response") to UHS' Motion to Dismiss expired on November 12, 2019. Therefore, given Plaintiff's failure to oppose the Motion to Dismiss, UHS respectfully requests that the Court treat UHS' Motion to Dismiss as being unopposed.

In further support of its Motion to Dismiss, UHS states as follows:

On October 28, 2019, UHS filed its Motion to Dismiss [ECF No. 4] because: (1) Plaintiff's state law causes of action are preempted by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA") and (2) Plaintiff failed to allege the exhaustion of administrative remedies for medical benefit claims at issue governed by ERISA.

Local Rule 7.1(c)(1) states "[f]or all motions, … each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default." *See* S.D. Fla. L. R. 7.1(c)(1). Applying the fourteen (14) day deadline, Plaintiffs' Response was due to be filed and served no later than Tuesday, November 12, 2019. To date, Plaintiff has failed to request additional time to file its Response, or file/serve its Response.

Notably, on October 21, 2019, UHS filed its Notice of Removal [ECF No. 1], and on October 21, 2019, Plaintiff responded with its Motion to Remand [ECF No. 3]. Since then, on November 7, 2019, Plaintiff filed its Reply in Response to UHS' Opposition to Motion to Remand [ECF No. 6]. Accordingly, Plaintiff's failure to oppose UHS' Motion to Dismiss should not be deemed to be inadvertent, as it actually reflects an indifference to the Federal Rules of Civil Procedure that should not be tolerated. Parties to litigation may not deliberately ignore the Rules, pleading, and practice as they see fit.

To the extent Plaintiff somehow believes it should not have to respond to UHS' Motion to Dismiss because it moved to remand this case, Plaintiff would be wrong because the filing of a motion for remand does not relieve a party from responding to a pending dispositive motion. Courts may decide motions to remand and motions to dismiss at the same time. *See, e.g., La Ley Recovery Systems-OB, Inc. v. UnitedHealthcare Ins. Co.,* Case No. 1:14-cv-23689-PCH, 2015 WL 12781031, at *1 (S.D. Fla. Mar. 3, 2015) (denying plaintiff's motion to remand because ERISA preempted the plaintiff's claims, and dismissing the complaint for failure to exhaust administrative remedies as required by

ERISA); *Orthopaedic Care Specialist, P.L. v. United HealthCare Services, Inc.*, 9:19-cv-81378-DMM (S.D. Fla. 2019), ([ECF No. 9, Order to Show Cause] while Plaintiff's motion to remand to state court was pending, ordering Plaintiff to show cause "(1) why the [defendant's] motion [to dismiss] should not be granted and (2) why Plaintiff failed to file a timely response. Plaintiff's failure to respond to this order to show cause may result in the motion [to dismiss] being granted by default pursuant to Local Rule 7.1(c).").

Moreover, UHS' arguments for removal and for dismissal are different. UHS' Motion to Dismiss argues that Plaintiff's Complaint is a deficient because Plaintiff failed to plead exhaustion of administrative remedies under self-funded ERISA plan at issue in this action, which argument was not made in UHS' Notice of Removal, nor UHS' Response in Opposition to Motion for Remand. UHS' Motion to Dismiss also argues that because this dispute involves UHS serving as a third party ***claims administrator***, processing and administering the health benefits in accordance with the self-funded ERISA plan at issue in this case (and not an HMO), UHS does not owe a duty to Plaintiff under §§ 641.513(5) and 627.64194(4), and Plaintiff's claim. Moreover, because UHS serves as a third party claims administrator in accordance with a ***self-funded*** ERISA Plan, Plaintiff's claims are preempted by ERISA as established by the U.S. Supreme Court in *FMC Corp. v. Holiday*, 488 U.S. 52 (1990) ("***State laws*** that directly regulate insurance are "saved" but ***do not reach self-funded employee benefit plans*** because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws.") (emphasis added); *see also America's Health Insurance Plans v. Hudgens*, 742 F.3d 1319 (11th Cir. 2014) (holding that held that a state statutory cause of

3

action related to a self-funded plan is preempted by ERISA). In other words, Sections 641.513(5) and 627.64194(4) ***do not apply*** to benefit claims determinations under self-funded ERISA plans, such as the Plan at issue because such plans are ***not subject to regulation by state law***.

Consequently, since Plaintiff failed to oppose the Motion to Dismiss, UHS respectfully requests that the Court undertake consideration of the motion at this time, and grant UHS the relief to which it is entitled. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); *see also Pierre v. Catalina Hotel, LLC,* 16-25300-CIV-LENARD, 2017 WL 7805574, at *2 (S.D. Fla. Feb. 10, 2017) (granting motion to dismiss complaint by default pursuant to Local Rule 7.1(c) for plaintiff's failure to file a memorandum of law in opposition to the defendant's motion to dismiss).

November 23, 2019.          Respectfully submitted,

*/s/ Gera Ruben Peoples*
**Gera R. Peoples, Esq.**
Florida Bar No. 450022
gera.peoples@akerman.com
magda.cabra@akerman.com
**AKERMAN LLP**
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, Florida  33131
Telephone:  (305) 374-5600

**Irene Bassel Frick, Esq.**
Florida Bar No. 158739
irene.bassel@akerman.com
nicole.emmett@akerman.com
**AKERMAN LLP**
401 East Jackson Street, Suite 1700

Tampa, Florida 33602
Telephone: (813) 223-7333

**Carmen Tugender, Esq.**
Florida Bar No. 16604
carmen.tugender@akerman.com
karen.robinson@akerman.com
**AKERMAN LLP**
350 East Las Olas Boulevard
Las Olas Centre II, Suite 1600
Fort Lauderdale, Florida 33301
Telephone: (954) 463-2700

*Counsel for Defendant*
*United HealthCare Services, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 23, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

TONY BENNETT, ESQUIRE
Florida Bar No.: 40357
HICKS & MOTTO, P.A.
*Attorneys for the Plaintiff*
3399 PGA Boulevard, Suite 300
Palm Beach Gardens, Florida 33410
Telephone: (561) 683-2300
Facsimile: (561) 687-1995
tbennett@Hmelawfirm.com

/s/ Gera R. Peoples
Gera R. Peoples, Esq.